IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EDDIE VAN OLIVER, III,**

    **Plaintiff,**

    v.

**STATE OF OHIO,** *et al.***,**

    **Defendants.**

**Case No. 2:24-cv-267**
**Judge Sarah D. Morrison**
**Magistrate Judge Elizabeth P. Deavers**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding without the assistance of counsel, commenced this action on January 22, 2024, but did not submit any payment to satisfy the Court's filing fee. (ECF No. 1.) On January 23, 2024, the Clerk's Office advised Plaintiff of this deficiency and advised Plaintiff to correct the deficiency within thirty (30) days by filing a motion for leave to proceed *in forma pauperis* or tendering the required filing fee. (ECF No. 3.) On February 28, 2024, the Court noted that "Plaintiff still has not paid the filing fee or moved for leave to proceed *in forma pauperis*," and ordered that "if Plaintiff intends to proceed with this action, he is **DIRECTED** to cure this deficiency by submitting the requisite filing fee, or by submitting an application to proceed *in forma pauperis*, to the Court by **MARCH 13, 2024**." (ECF No. 4 (emphasis in original).) The Court also advised Plaintiff that "failure to timely comply with this Order will result in a recommendation that this action be dismissed for failure to prosecute." (*Id.*)

To date, Plaintiff still has not paid the filing fee or moved for leave to proceed *in forma pauperis*, nor has Plaintiff otherwise responded to the Court's February 28, 2024 Order. Accordingly, under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action with prejudice pursuant to Federal Rule of Civil

Procedure Rule 41(b).  The Court's inherent authority to dismiss a plaintiff's action because of their failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962)).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted).

On February 28, 2024, the Court expressly cautioned Plaintiff that failure to comply with the Court's Orders would result in a recommendation that this action be dismissed for failure to prosecute.  (ECF No. 4.)  *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is [] a key consideration" in whether dismissal under Rule 41(b) is appropriate); *see also Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001).  While the Court is mindful of Plaintiff's *pro se* status, dismissal is nevertheless appropriate given Plaintiff's failure to comply with the readily comprehended deadlines.  *See Steward*, 8 F. App'x at 296-297 (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Defendants **WITH PREJUDICE** under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**Date: March 20, 2024**               */s/ Elizabeth A. Preston Deavers*
                                       **ELIZABETH A. PRESTON DEAVERS**
                                       **UNITED STATES MAGISTRATE JUDGE**

3